IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALICE KAVAIRLOOK<br>P.O. Box 652<br>Barrow, AK 99723<br>(907) 852-3218,<br><br>    Plaintiff,<br><br>v.<br><br>DIRK KEMPTHORNE,<br>Secretary of the Interior<br>1849 C Street, N.W.<br>Washington, DC 20240<br><br>UNTIED STATES DEPARTMENT OF<br>    THE INTERIOR<br>1849 C Street, N.W.<br>Washington, DC 20240<br><br>    Defendants. | CASE NO. 1:06 CV _____ |

## **COMPLAINT**

### INTRODUCTION

1.    This action seeks judicial review of 25 C.F.R. Part 151, a regulation of the United States Department of the Interior which prohibits the acquisition of land in Alaska in trust or restricted status by the United States for the benefit of individual members of Alaska Native Villages (other than members of the Metlakatla Indian Community). Plaintiff seeks declaratory and injunctive relief to enjoin the Secretary of the Interior from implementing

and enforcing this regulatory bar to the acquisition of trust title of land in Alaska by all but one of Alaska's federally recognized Tribes and their members (including Alice Kavairlook, a member of the Native Village of Barrow).

2. Plaintiff seeks from this Court a declaration that this regulatory bar is arbitrary, capricious, an abuse of discretion, unconstitutional and otherwise contrary to law. Plaintiff further seeks a declaration that the Secretary of the Interior has the authority to acquire lands in trust in Alaska on behalf of individual members of Alaska Tribes, and plaintiff is entitled to petition to have land in Alaska taken into trust and to have the Secretary of the Interior give the same consideration to such request as would be given to petitions from members of other federally recognized tribes.

## JURISDICTION AND VENUE

3. The United States District Court has jurisdiction of this civil action pursuant to 28 U.S.C. §§ 1331, 1353, and 1361. In addition, as a source of authority for the remedies requested, plaintiffs rely in addition on the Administrative Procedure Act (5 U.S.C. § 706), 28 U.S.C. §§ 2201-2202 and Rule 65 of the Federal Rules of Civil Procedure.

4. Venue is proper in the United States District Court for the District of Columbia under 28 U.S.C. § 1391(b). Defendants reside in the district and the cause of action arose in the district.

## PARTIES

5. Plaintiff Alice Kavairlook is a member of the federally recognized tribe of the Native Village of Barrow.

6. Defendant Dirk Kempthorne is the Secretary of the United States Department of the Interior, the federal agency charged with supervision of Indian Affairs for the federal government.

## FACTUAL BACKGROUND

7. In 1934, as part of the Indian Reorganization Act (IRA, ch. 576, 48 Stat. 984), Congress in section 5 authorized the Secretary of the Interior to take real property into trust on behalf of Tribes and individual Indians (IRA § 5, 25 U.S.C. 465); and in section 7 empowered the Secretary to declare newly acquired lands Indian reservations or to add them to existing reservations. (IRA § 7, 25 U.S.C. 467). As of its enactment in 1934, section 13 of the IRA made only sections 9. 10, 11, 12, and 16 of the IRA applicable to Alaska.

8. In 1936, most of the remaining sections of the IRA, including section 5, were made applicable to Alaska, Act of May 1, 1936, ch. 254, 49 Stat. 1250. The 1936 Act had two sections. Section 1 of the 1936 Act extended sections 1, 5, 7, 8, 15, and 19 of the IRA to Alaska. Section 2 of the 1936 Act placed special conditions on Secretarial creation of any new reservations in Alaska.

9. In 1971, Congress enacted the Alaska Native Claims Settlement Act (ANCSA), which, *inter alia*, revoked all existing reservations in Alaska (except for the Metlakatla Reserve). ANCSA did not repeal any portion of the 1934 IRA nor did it repeal any portion of the 1936 IRA Amendments.

10. In 1976, Congress enacted the Federal Land Policy Management Act (FLPMA) (Act of October 21, 1976, P.L. 94-579, Title VII, Section 704(a), 90 Stat. 2743, 2792

repealing 49 Stat. 1250, 25 U.S.C. 496) which repealed section 2 of the 1936 IRA amendments, which had placed conditions on Secretarial creation of new reservations in Alaska. FLPMA did not repeal section 1 of the 1936 amendments, which make section 5 of the IRA applicable in Alaska, nor did it repeal section 5 or any other portion of the IRA.

11. In 1978, an Opinion by then Associate Solicitor for Indian Affairs Thomas Fredericks (Trust Land for the Natives of Venetie and Arctic Village, Memorandum to Assistant Secretary, Indian Affairs from Associate Solicitor, Indian Affairs, Thomas W. Fredericks (September 15, 1978), hereafter "Fredericks Opinion") opined that ANCSA precluded the Secretary from taking land into trust for Natives in Alaska.

12. In 1980, the Department of the Interior issued detailed regulations governing the Secretary's resolution of tribal requests under IRA Section 5 to place Indian-owned land in trust status. *See generally,* 25 C.F.R. 151. Based on the 1978 Fredericks Opinion, those regulations expressly excluded the acquisition of land in trust or restricted status in the State of Alaska on behalf of Alaska Native Villages or their members, except acquisitions for the Metlakatla Indian Community of the Annette Island Reserve or its members. 25 CFR § 151.1.

13. In October 1994, a group of Alaska Native Villages filed a petition for rule-making with the Secretary of the Interior requesting a revision of the federal regulations to include lands in Alaska. 60 Fed Reg. 1956 (1995). The petitioning tribes further urged the Secretary to revoke the Fredericks Opinion as being erroneous and contrary to existing law.

14. On April 12, 1999, the Department of the Interior published a proposed

revision to the rules for the acquisition of trust land. 64 Fed. Reg. 17574-17588. The Department invited comments on the continued validity of that prohibition, noting that "although [the Fredericks Opinion] has not been withdrawn, we recognize that there is a credible legal argument that ANCSA did not supersede the Secretary's authority to take land into trust in Alaska under the IRA." 64 Fed. Reg. at 17578.

15. On January 16, 2001, the Department published a final rule and rescinded the Fredericks Opinion. Notwithstanding this rescission, the final rule continued the Alaska prohibition, at least as a temporary measure, explaining that

> the position of the Department has long been, as a matter of law and policy, that Alaska Native lands ought not to be taken in trust. Therefore, the Department has determined that the prohibition in the existing regulations on taking Alaska lands into trust (other than Metlakatla) ought to remain in place for a period of three years during which time the Department will consider the legal and policy issues involved in determining whether the Department ought to remove the prohibition on taking Alaska lands into trust.

66 Fed. Reg. 3454.

16. Subsequently, the effective date of this final rule was repeatedly postponed. On August 13, 2001, the Secretary requested public comment on whether the final rule should be withdrawn and a further rule proposed to better address the continued concerns. 66 Federal Register 42474. On November 9, 2001, the final rule was withdrawn by the Secretary. 66 Federal Register 56608.

17. Thus, despite the withdrawal of the 1978 Fredericks Opinion which formed the basis for the Alaska prohibition, 25 C.F.R. Part 151 still maintains the regulatory bar to take land into trust for individual Alaska Natives who are members of Alaska Native Villages

(except for members of the Metlakatla Indian Community).

## ALICE KAVAIRLOOK FACTS

18. Alice Kavairlook is the owner of Lot 5, Block 9, Barrow Townsite, U.S. Survey 4615, as shown on the plat of survey dated September 2, 1964, located in the Barrow Recording District, Second Judicial District, State of Alaska.

19. Alice Kavairlook acquired this property under a Native Restricted Trustee Deed conveyance from the Alaska Native Townsite Trustee George E. M. Gustafson, on October 4, 1983.

20. On or about January 10, 1994, plaintiff was induced, in part due to her reduced mental capacity and in part through a combination of fraud and duress, to sign a deed purporting to convey the property to Bexhet Bordonici aka Bruno Bordonici.

21. On or about February 14, 2002, Mr. Bordonici was convicted, after a jury trial, on several counts of drug offenses and money laundering, in *United States v. Bordonici*, case number F-01-014 CR (RRB) in the United States District Court for the District of Alaska.

22. On or about June 24, 2002, the District Court entered an Amended Preliminary Order of Forfeiture, forfeiting to the United States all of Mr. Bordonici's right, title and interest in several parcels of real property, including Lot 5 of Block 9 of the Barrow Townsite.

23. On or about October 4, 2002, Plaintiff filed a Petition for Adjudication of Third Party Interest in Property Ordered Forfeited from Defendant Bordonici.

24. On or about December 3, 2004, the District Court approved the United States'

request to approve a settlement under which the United States agreed to dismiss and release Lot 5, Block 9 of the Barrow Townsite from the forfeiture proceedings so that Plaintiff Alice Kavairlook could pursue relief under state law.

25. On or about June 23, 2005, Plaintiff filed a "Complaint for Rescission of Deed" against Mr. Bordonici in the Superior Court for the State of Alaska, Second Judicial District at Barrow, case number 2BA-05-79 CIV, alleging that the deed should be rescinded due to, inter alia, fraud, duress, undue influence, mental incapacity, and inadequacy of consideration.

26. Following default by Mr. Bordonici, a "Clerk's Deed" was entered by the state court to confirm Plaintiff Alice Kavairlook's right, title and interest in Lot 5, Block 9 of the Barrow Townsite.

27. Plaintiff Alice Kavairlook wishes to have the lot's restricted status restored, as it was prior to Mr. Bordonici's fraudulent scheme.

## FIRST CAUSE OF ACTION

28. Plaintiff realleges paragraphs 1 through 27 as if fully set forth herein.

29. The regulatory bar which prohibits plaintiff from having the defendant take her property back into trust or restricted status, while members of other federally recognized tribes are allowed to do so, is a violation of 25 U.S.C. § 476 (f) & (g).

## SECOND CAUSE OF ACTION

30. Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

31. The regulatory bar which prohibits plaintiff from having the defendant take her property back into trust or restricted status, while members of other federally recognized

tribes are allowed to do so, is a violation of the Equal Protection and Due Process clause of the United States Constitution.

### THIRD CAUSE OF ACTION

32. Plaintiff realleges paragraphs 1 through 31 as if fully set forth herein.

33. The regulatory bar which prohibits plaintiff from having the defendant take her property back into trust or restricted status, while members of other federally recognized tribes are allowed to do so, is arbitrary, capricious, an abuse of discretion, contrary to constitutional right, in excess of statutory authority, and/or otherwise contrary to law in violation of the Administrative Procedures Act, 5 U.S.C §706(2)(a).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

I. Plaintiff requests a judgment declaring that 25 CFR 151, insofar as it bars plaintiff as a member of a federally recognized tribe in Alaska from petitioning to have land in Alaska taken into trust status on her behalf, violate 25 USC 476(f) and (g).

II. Plaintiff requests a judgment declaring that 25 CFR 151, insofar as it bars plaintiff as a member of a federally recognized tribe in Alaska from petitioning to have land taken into trust status on her behalf in Alaska, violate the Equal Protection and Due Process Clause of the Fifth Amendment of the United States Constitution.

III. Plaintiff requests a judgment declaring that 25 CFR 151, insofar as it bars plaintiff as a member of a federally recognized tribe in Alaska from petitioning to have land taken into trust status on her behalf in Alaska, do so arbitrarily, capriciously, in excess of the

Secretary's authority, or otherwise contrarily to law in violation of the Administrative Procedures Act, 5 U.S.C. §706(a)(2).

    IV.    Plaintiff requests that this Court issue an injunction directing that Defendant accept and consider Plaintiff's request to have Lot 5, Block 9 of the Barrow Townsite taken into trust or restricted status.

    V.    Although this complaint does not seek attorney fees, because plaintiffs' counsel is prohibited from filing a claim for attorney fees, plaintiff reserves the right to seek such attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412, through independent counsel.

    VI.    Plaintiff requests that this Court award her any and all other relief the Court determines to be appropriate and proper.

DATED this 6th day of July, 2006.

BY: _____
Richard A. Guest
District of Columbia Bar Number: 477572
NATIVE AMERICAN RIGHTS FUND
1712 N Street, N.W.
Washington, DC 20036
(202) 785-4166

Andrew Harrington
Alaska Bar Number: 8106026
Denise Bakewell
California Bar Number: 208660
ALASKA LEGAL SERVICES CORPORATION
1648 South Cushman, Suite 300
Fairbanks, AK 99701
Attorneys for Plaintiff