IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALICE KAVAIRLOOK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DIRK KEMPTHORNE, Secretary of ) <br> the Interior, and the Dept. of the Interior, ) <br> ) <br> Defendants. ) <br> ) | Case No. 06-CV-01405-RWR |

MOTION FOR CONSOLIDATION, WITH POINTS AND AUTHORITIES

Plaintiff, by and through counsel, hereby moves to consolidate this case[1] with *Akiachak Native Community et al. v. U.S. Department of the Interior*, Case 1:06-CV-00969-RWR, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure which specifically provides for the consolidation of cases that involve "a common question of law or fact." *See* 9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE §2382 (2d ed. 1995).

The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court. *Stewart v. O'Neill*, 225 F. Supp. 2d 16, 20 (D.D.C. 2002). Consolidation helps alleviate needless duplication of time, effort, and expense on the part of the parties and the Court. *Horn v. Raines*, 227 F.R.D. 1, 2 (D.D.C. 2005). When determining whether to exercise such discretion, courts weigh considerations of convenience and economy against considerations of confusion and prejudice. *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003).

---

[1] On August 8, 2006 plaintiff filed the complaint and notice of related case. Also, on August 8, 2006, the Court granted plaintiff's motion for leave to proceed in forma pauperis and issued a notice that the summons had not yet issued to Dirk Kempthorne and the Department of the Interior. At this time, plaintiff's counsel is unable to confer with opposing counsel on this nondispositive motion pursuant to LCvR 7(m).

In this instance, the issues of law raised by the complaints in the two affected actions are identical. Both cases request the court to determine the validity of a regulation which precludes Alaska's federally recognized tribes and their individual members from being able to request that lands be taken into trust by the federal government, an option which is open to other federally recognized tribes and their individual members throughout the United States. Any differences in the background facts underlying the various plaintiffs' claims are not material to the rather narrow legal issue framed by these cases. Considerations of economy and convenience, both for the Court and for the parties, would support consolidation.

There are no countervailing factors present here. Both cases are in their preliminary stages and no prejudice or delay is likely to result from consolidation. Both cases are assigned to the same judge. Both are likely to be resolved without a jury, indeed, in all likelihood, on motions for summary judgment.

For the above reasons, the plaintiff respectfully requests the court to consolidate the above referenced cases.

DATED this 6th day of September, 2006.

BY:  /s/ Richard A. Guest
    Richard A. Guest, D.C. Bar No. 477572
    NATIVE AMERICAN RIGHTS FUND
    1712 N Street, NW
    Washington DC, 20036
    (202) 785-4166

    Andrew Harrington, Alaska Bar No. 8106026
    Denise Bakewell, California Bar No. 208660
    (pro hac vice motions pending)
    ALASKA LEGAL SERVICES CORPORATION
    1648 South Cushman Suite 300
    Fairbanks AK 99701
    907-452-5181
    Attorneys for Plaintiff