UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP - 9 1998
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

CHEYENNE-ARAPAHO TRIBE
OF OKLAHOMA,
ET AL.,

    Plaintiffs,

v.

JANET RENO, ATTORNEY GENERAL
OF THE UNITED STATES,
DEPARTMENT OF JUSTICE,
ET AL.,

    Defendants.

Civil Action No.:98-CV-065 (RMU)

Document Nos.: 2, 6, 15, 17, 18, 19, 21
28, 31 & 32

## ORDER

Granting The Defendants' Motion to Transfer

This matter comes before the court on the defendants' motion to transfer this action to the United States District Court for the Northern District of Oklahoma. Upon consideration of the parties' submissions and the entire record, the court grants the defendants' motion to transfer. The convenience of the parties and potential witnesses in addition to the interests of justice dictate that the action be litigated in Oklahoma.

### I. BACKGROUND

The plaintiffs[1] reside in the state of Oklahoma and operate gambling casinos on Indian lands. The plaintiffs operate various types of gambling devices including the MegaMania machine, which is the subject of the present action. On December 30, 1997, the United States

---

[1] The plaintiffs in this case include the Cheyene-Arapaho Tribe of Oklahoma Gaming Commission, which filed suit on behalf of the Cheyene-Arapaho Tribe of Oklahoma, the Chickasaw Nation of Oklahoma, and The Choctaw Nation of Oklahoma.

1

EXHIBIT B

Attorney for the Northern District of Oklahoma ("U.S. Attorney") obtained warrants to seize approximately 285 MegaMania gambling devices and related equipment located on Indian lands in the Northern and Eastern Districts of Oklahoma. The next day, the U.S. Attorney filed a complaint for forfeiture *in rem* against the plaintiffs ("the Enforcement Action") to seize the MegaMania gambling devices and related equipment. The seizure of the equipment was spurred by a finding by Senior District Judge H. Dale Cook and Magistrate Judge Payne in the Northern District of Oklahoma that there is probable cause to believe that the MegaMania machine is an illegal class III gambling device under the Johnson Act, 15 U.S.C. §§ 1171-1178.

On January 5, 1998, Multimedia, the maker of the MegaMania machine, and the Seneca-Cayuga Tribe of Oklahoma filed an action in the U.S. District Court for the Northern District of Oklahoma ("Oklahoma Action") seeking: (1) declaratory judgment that the MegaMania is a permissible Class II gaming device; and (2) a stay of enforcement activity during the pendency of the lawsuit. Subsequently, on January 12, 1998, the plaintiffs filed a declaratory judgment action in this court ("D.C. Action") requesting similar relief as in the Oklahoma Action. Then, on January 15, 1998, Judge Kern consolidated the Oklahoma action into the Enforcement Action. At present, the defendants seek to transfer this action to the Northern District of Oklahoma claiming that the profound public interest in Oklahoma regarding the classification of the MegaMania machine, the convenience of the parties and witnesses, and the interests of justice warrant such a transfer.

## II. DISCUSSION

The defendants seek to transfer this case to the Northern District of Oklahoma pursuant to 28 U.S.C. § 1404(a), which provides that a district court may transfer any civil action to any other district or division where it may have been brought for the convenience of the parties and witnesses and for the interests of justice. The defendants bear the burden of establishing that the transfer of the action is proper. See Airline Pilots Ass'n v. Eastern Air Lines, 672 F. Supp. 525, 526 (D.D.C. 1987). Section 1404(a) vests the court broad discretion to adjudicate motions to transfer on a case-by-case basis. See Van Dusen v. Barrack, 376 U.S. 612, 622 (1964). Thus, a threshold determination under § 1404(a) is whether the action may have been brought in Oklahoma.

The venue statute, 28 U.S.C. § 1391(e), states that venue is proper in the judicial district in which a substantial part of the events giving rise to the claim occurred, or where a substantial part of property that is the subject of the action is situated. Here, venue could be proper in Oklahoma because the case involves governmental action that will impact the tribe's gambling operation in that state. See Martin-Trigona v. Meister, 668 F. Supp. 1, 4 (D.D.C. 1987). Furthermore, the events giving rise to this controversy occurred in Oklahoma and the property affected is also located there. Thus, under § 1391, venue is proper in the Northern District of Oklahoma.

Next, the court determines whether the case should be transferred based on the convenience of the parties and witnesses and the interests of justice. Of course, deference should be given to the plaintiffs' choice of forum. See Air Line Pilots Ass'n, 672 F. Supp. at 526. The court, however, may give the plaintiffs' choice of forum significantly less deference if the activities surrounding the controversy have little, if any, contact with the selected forum. See Armco Steel Co., L.P. v. CSX Corp., 790 F. Supp. 311, 324 (D.D.C. 1991); see also Martin-Trigona, 668 F. Supp. at 3. In the instant case, the plaintiffs are citizens domiciled in the State of Oklahoma and the MegaMania machines at issue are similarly located in Oklahoma. The Multimedia corporation, the maker of the MegaMania devices, has its headquarters in Tulsa, Oklahoma. All the individuals associated with the MegaMania machines and the records pertaining thereto are located in Oklahoma. The U.S. Attorney's office that filed the enforcement action is also located in Oklahoma. Moreover, a consolidated case with identical issues as the present action is currently pending in the Northern District of Oklahoma. Thus, these facts compel a determination that a transfer of venue is appropriate.

The plaintiffs, however, argue that this case should be litigated in this jurisdiction because the U.S. Department of Justice ("DOJ") and the National Indian Gaming Commission ("NIGC"), the government agency charged with regulating Indian gaming, both have their headquarters in Washington, D.C. This argument is unpersuasive. Under § 1404(a), the court accords insignificant, if any weight, to the location of federal agencies and counsel. See e.g., Armco Steel Co., 790 F. Supp. at 324. The significance here is the location of potential non-party witnesses and the events that form the basis of this controversy, the majority of which are located in

Oklahoma. Therefore, for the convenience of the parties and the potential witnesses, this action should be transferred to Oklahoma.

The court further concludes that the interests of justice favor the transfer of this case to Oklahoma. The interests of justice are furthered by avoiding unnecessary expense to the public through duplicative use of judicial resources. See Continental Grain Co. v. Barge, FBL-585, 364 U.S. 19, 26 (1960). See Also Martin-Trigona, 668 F. Supp. at 3 (the interests of justice are better served when a case is transferred to the district where related actions are pending). As mentioned above, a consolidated action involving the same issues in the present action, the classification of the MegaMania machines, is currently pending in the Northern District of Oklahoma. The DOJ is a party in both the present action and in the current litigation in Oklahoma. Therefore, this action must be transferred to the Northern District of Oklahoma in order to avoid inconsistent judgments or duplicative litigation.

In addition, the interests of justice are promoted when a localized controversy is resolved locally where concerned citizens may closely follow the proceedings. See Citizen Advocates For Responsible Expansion, Inc. v. Dole, 561 F. Supp. 1238, 1240 (D.D.C. 1983). In cases that touch the affairs of many people, there are reasons for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. See Gulf Oil v. Gilbert, 330 U.S. 501, 509 (1947). The issues surrounding the classification of the MegaMania machines affect Indian tribes that operate casinos and companies that manufacture gambling devices within the state. Therefore, it is clear that the interests of justice will be better served if the resolution of this case occurs in Oklahoma.

Next, the plaintiffs argue that if the case is litigated in this jurisdiction, where the DOJ has its national headquarters, the DOJ will be bound by the judgment nationwide. This argument is meritless. Under the doctrine of offensive and defensive collateral estoppel, both parties are bound by the final judgment of a case regardless of where the case is tried. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 329-31 (1979). Therefore, both parties are estopped from resurrecting identical issues in another jurisdiction. See id. In fact, contrary to the plaintiffs' assertion, as discussed above, the interests of justice are better served if the action is litigated in Oklahoma.

4

Finally, the plaintiffs argue that it would serve the interests of justice to litigate the action before this court because the court has familiarity with the MegaMania gaming device. This argument is similarly without merit. Although the court had exposure to the MegaMania device when it entertained evidentiary presentations in Diamond Game Enterprises v. Janet Reno, - - F. Supp. --, 1998 WL 345041 (D.D.C. June 23, 1998), the court may require additional evidentiary and oral hearings to fashion an informed opinion on the classification of the MegaMania device. Furthermore, the plaintiffs fail to explain why another federal judge in Oklahoma would be unable to determine the classification of the MegaMania gaming device even when that judge does not have previous knowledge of the device. In short, the court finds that the plaintiffs fail to demonstrate the interests of justice are better served by litigating this action in the District of Columbia. Therefore, the court transfers the above-captioned action to the U.S. District Court for the Northern District of Oklahoma.

Accordingly, it is this 8th day of September, 1998,

**ORDERED** that the defendants' motion to transfer the above-captioned action to the U.S. District Court for the District of Oklahoma be and is hereby **GRANTED**; it is

**FURTHER ORDERED** that the defendants' motion for leave to file a supplement to the motion to transfer be and is hereby **GRANTED** nunc pro tunc; it is

**ORDERED** that the defendants' motion for leave to file amended reply in support of defendants' motion to transfer be and is hereby **GRANTED** nunc pro tunc; it is

**FURTHER ORDERED** that the motion to intervene filed by Viejas (Baron Long) Group of Capitan Grande Band of Mission Indians of the Viejas Reservation ("the Viejas Group") be and is hereby **DENIED** without prejudice. The Viejas Group may resurrect its motion to intervene consistent with the order of the transferee court; it is

**ORDERED** that the Viejas Group's motion for leave to file plaintiffs' supplemental opposition to defendants' motion to dismiss be and is hereby **DENIED** without prejudice; it is

**FURTHER ORDERED** that the motion to intervene filed by the Cabazon Band of Mission be and is hereby **DENIED** without prejudice. The Cabazon Band may resurrect its motion to intervene consistent without the order of the transferee court; it is

**ORDERED** that the motion to intervene filed by Shoalwater Indian Tribe be and is hereby **DENIED** without prejudice. The Shoalwater Indian Tribe may resurrect its motion to intervene consistent with the order of the transferred court; it is

**FURTHER ORDERED** that the Shoalwater Indian Tribe's motion for leave to file memorandum in opposition to defendant's motion to transfer be and is hereby **DENIED** without prejudice; it is

**ORDERED** that the defendants' motion to stay proceedings be and is hereby **DENIED** as moot; and it is

**FURTHER ORDERED** that the defendants' motion for a protective order be and is hereby **DENIED** without prejudice. The defendants' may resurrect this motion with the transferee court.

**SO ORDERED.**

_____
Ricardo M. Urbina
United States District Judge