UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAC COURTE OREILLES BAND OF
LAKE SUPERIOR CHIPPEWA
INDIANS OF WISCONSIN, *et al.*,

    Plaintiffs,

    v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

Civil Action No. 01-1042
HHK/DAR

**FILED**

AUG 16 2002

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM ORDER

This matter was referred to the undersigned for determination of federal defendants' and the State of Wisconsin and Governor Scott McCallum's Motions to Transfer (Docket Nos. 8 and 9). Plaintiffs filed their opposition (Docket No. 12) and replies in support of the motions to transfer were filed by the federal defendants (Docket No. 19) and by the State of Wisconsin and Governor Scott McCallum (Docket Nos. 17, 18). After consideration of the motions, the opposition and the replies thereto, and of the relevant case law, the undersigned will grant the motions to transfer.

**INTRODUCTION**

Plaintiffs, three Wisconsin Indian tribes ("Wisconsin Tribes"), filed the instant action in this Court for a declaratory judgment that the gubernatorial concurrence requirement in §20(b)(1)(A) of the Indian Gaming Regulatory Act, 25 U.S.C. §2719(b)(1)(A), is unconstitutional and a breach of trust by Congress, and seek a remand to the Secretary of the Interior requiring her to complete the trust application for the Wisconsin Tribes. This controversy stems from the administrative process used by the State of Wisconsin in deciding whether certain Indian tribes could open a casino on trust land in the state. In 1993, the Wisconsin Tribes submitted to the Bureau of Indian Affairs-Midwest Regional Office, an

**EXHIBIT D**

Lac Courte Oreilles Band, *et al.* v. United States of America, *et al.*                                                    2

application for the acquisition and fee-to-trust transfer of the St. Croix Meadows Racing Facility located in Hudson, St. Croix County, Wisconsin. Defendant's Motion to Transfer at 3. The Midwest Regional Office reviewed the application and submitted a favorable recommendation to the BIA-Central Office on November 15, 1994. On July 14, 1995, the Deputy Assistant Secretary-Indian Affairs ("Deputy AS-IA") determined that the proposed gaming establishment would be detrimental to the surrounding community and raised additional concerns about the potential impact on the environment. Id. at 4. As a result, the Deputy AS-IA declined to exercise his discretion to take the land into trust. Id.

On September 15, 1995, the Wisconsin Tribes filed suit in the United States District Court for the Western District of Wisconsin challenging the Department's denial. In December, 1999, the parties entered a settlement agreement in which the court retained jurisdiction over the enforcement of the settlement. Id. at 5. Also in 1995, the Department agreed to vacate the denial of the application and resume consideration of the Wisconsin Tribes application. On January 25, 2001, the Deputy Commissioner of Indian Affairs for the BIA transmitted a favorable recommendation on Wisconsin Tribes' application to the Assistant Secretary of Indian Affairs. On February 20, 2001, the acting AS-IA issued a two-part determination and findings of fact which included the finding that the proposed gaming establishment was in the best interests of the Wisconsin Tribes and their members and not detrimental to the surrounding community. The acting AS-IA sought the concurrence of the Governor of Wisconsin ("Governor"); however, the Governor has since refused to concur in the determination. Id. at 6.

For the purposes of deciding the instant motions, it is not necessary to go into great detail about the intersection of the two statutes, 25 U.S.C. § 465 and §20 of 25 U.S.C. § 2719, that are at the heart of this constitutional challenge. The applicable administrative procedure requires that the Tribes obtain the concurrence of both the Secretary and the Governor of the Wisconsin in

Lac Courte Oreilles Band, *et al.* v. United States of America, *et al.*                                    3

order to construct a casino. The Wisconsin Tribes argue that the concurrence requirement is
unconstitutional.

The federal defendants request a transfer on the grounds that the Western District of
Wisconsin is a forum in which this action could have been brought; that convenience to the
parties and witnesses would be served by transferring the case; and that the interests of justice
would be served by avoiding the waste of judicial resources and the possibility of conflicting
results; and the specific claims brought here are of a local nature. See Federal Defendants'
Motion to Transfer at 7, 8, 10-13.

The State of Wisconsin and Governor Scott McCallum have also requested that this
action be transferred to the Western District of Wisconsin. Their arguments are virtually
identical to those asserted by the federal defendants. They argue that the case could have been
brought in the Wisconsin; that plaintiffs' case has no nexus to the District of Columbia; that the
Western District of Wisconsin is convenient for the parties and the potential witnesses; and that
this controversy has a compelling local interest. See Memorandum in Support of Motion to
Transfer by the State of Wisconsin and Governor Scott McCallum at 8-10, 15.

Plaintiffs, in their opposition, contend that this suit is merely a facial challenge to a
statutory provision having national application; that it will require no witnesses, evidence, or
trial; and that this circuit has a unique familiarity with the legal issues at hand. See Plaintiffs'
Opposition to Motions to Transfer ("Opposition") at 1-2.

Both the federal defendants, and the State of Wisconsin and Governor Scott McCallum,
filed replies in support of the motions to transfer in which they argue that the impact of this case
is local in nature; the choice of forum by plaintiffs should be afforded little deference; this
district is no more capable of resolving this dispute than the Western District of Wisconsin; and
the inconvenience of the Wisconsin defendants of litigating this case in the District of Columbia

Lac Courte Oreilles Band, *et al.* v. United States of America, *et al.*                                                  4

is much greater than that of the federal defendants who have already requested a transfer. See

Reply Memorandum in Support of Federal Defendants' Motion to Transfer at 1, 3 and 6; Reply

Memorandum in Support of Motion to Transfer by the State of Wisconsin and Governor Scott

McCallum at 1-2.


## DISCUSSION

A district court may transfer any civil action to any other district or division where the

action may have been brought if the transfer serves the convenience of the parties and witnesses,

and is in the interests of justice. See 28 U.S.C. §1401(a). The moving party bears a heavy

burden of establishing that plaintiff's choice of forum is inappropriate. Thayer/Patricof

Education Funding v. Pryor Resources, Inc., 196 F.Supp.2d 21, 31 (D.D.C. 2002). Additionally,

a court has broad discretion to determine where the proper balance lies and whether a case should

be transferred. Id. (citing Rhee Bros., Inc. v. Seoul Shik Poom, Inc., 869 F.Supp. 31, 33-34

(D.D.C. 1994)). Normally, the plaintiff's choice of forum is a paramount consideration in any

determination of a transfer request. Sheraton Operating Corp. v. Just Corporate Travel, 984

F.Supp. 22, 25 (D.D.C. 1997). However, the choice of forum is not afforded great deference

when the plaintiff is a foreigner to that forum. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-

256 (1981); see also Shapiro, Lifschitz & Schram, P.C. v. R.E. Hazard, Jr., 24 F.Supp.2d 66, 71

(D.D.C. 1998).

The parties do not dispute that the Western District of Wisconsin, the location of the land

at issue in this constitutional challenge, is a proper forum for the suit to be brought.

Consequently, the initial requisite in a motion to transfer is satisfied. 28 U.S.C. §1401(a). The

next two considerations require this court assess whether the transfer would serve the

convenience of the parties and witnesses and the interests of justice. Id. In making those

Lac Courte Oreilles Band, *et al.* v. United States of America, *et al.*                              5

assessments, courts in this circuit may consider a number of public and private interests

including: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in

favor of the defendants; (2) the defendant's choice of forum; (3) whether the claims arose

elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to

the extent that the witnesses may actually be unavailable for trial in one of the fora; (6) the ease

of access to sources of proof; (7) the transferee's familiarity with the governing laws; (8) the

relative congestion of the calendars of the potential transferee and transferor courts; and (9) the

local interest in deciding local controversies at home. Shapiro, 24 F.Supp. at 71 (citing Trout

Unlimited v. Dep't of Agric., 944 F.Supp. 13, 16 (D.D.C. 1996)).

         The consideration of the convenience to the parties and witnesses and the availability of

evidence does not yield a strong preference for either district. While it is true, as defendants

observe, that plaintiffs' home forum is in the State of Wisconsin, it also appears true, at this point

in the litigation, that there will be few, if any, witnesses to be called and little evidence to be

offered. Since the plaintiffs have chosen the District of Columbia, then their convenience is not

an issue. Since the federal defendants have offices within this district, they cannot reasonably

assert that this district is overly inconvenient for them. The State of Wisconsin and the Governor

will be inconvenienced to some extent if argument is required in this case. However, this

inconvenience is somewhat mitigated by their decision to intervene in this matter which had

already been filed in this district, and the likelihood that the case will be decided through written

motions and limited oral argument. Consequently, the convenience of the parties and witnesses,

and the availability of evidence, are not controlling considerations. However, the undersigned

must also take into account that if any witnesses are needed, those few witnesses are located in

Wisconsin.

| Post-It™ brand fax transmittal memo 7671 | # of pages ▶ 1 | |
|---|---|---|
| To Ed Passarell: | From John Greene | |
| Co. | Co. | |
| Dept. | Phone # | |
| Fax # 202/305-0506 | Fax # 608/266-2250 | |

Lac Courte Oreilles Band, *et al.* v. United States of America, *et al.*                                    6

The final consideration requires the court to assess the issue of whether the transfer is in "the interests of justice." This concept gives all parties the opportunity to argue the relative benefits of having this litigation proceed in their forum of choice. 28 U.S.C. §1401(a). As previously discussed, it is the practice of the courts to grant great deference to the decision of the plaintiffs in their forum choice. This deference, however, holds less weight in this instance because the plaintiffs lack any connection to their forum of choice; they do not reside here; and the forum has no particular connection to the specific matter at hand. See Greater Yellowstone Coalition v. Bosworth, 180 F.Supp.2d 124, 128 (D.D.C. 2001)(citations omitted). Plaintiffs discuss at length the national significance of the claims presented here; however, federal jurisdiction is limited to cases and controversies, and this case concerns Indian tribes from Wisconsin claiming that the Governor of Wisconsin yields constitutionally impermissible power in deciding what development is permissible on land within the State of Wisconsin. The only connection to this forum happens to be that the law was passed by the United States Congress. This connection, however, is too attenuated to be given any meaningful effect; the consequence would be that all challenges to federal statutes would eventually be brought in the District of Columbia, because that is where the federal laws are passed. This result is clearly untenable.

Having discussed the shortcomings in the traditional analysis of deferring to the choice of the plaintiffs, the Court must also consider whether any considerations counsel for transfer. As has been previously discussed, convenience does not seem to be a persuasive issue; however, since all of the parties either reside in or have offices in the State of Wisconsin, a transfer may be somewhat more convenient. Next, the public interest in having local issues decided locally can not be easily dismissed. See Armco Steel Co. v. CSX Corp., 790 F.Supp. 311, 324 (D.D.C. 1991). This public consideration counsels strongly in favor of transfer, especially when coupled with plaintiffs' lack of ties to their forum of choice. Another public consideration, that plaintiff

Lac Courte Oreilles Band, *et al.* v. United States of America, *et al.*                                          7

may be forum shopping, also counsels for transfer. Although the undersigned makes no finding

as to the issue of forum shopping, the court finds unpersuasive plaintiff's argument that this

district has developed a particular expertise in this area of the law, or necessarily would be any

more or less likely to find a federal statute unconstitutional.

    In sum, the undersigned finds the private and public considerations and interests of justice

best served by transferring this case to the Western District of Wisconsin. Its local nature, and

the parties' ties to that community, dictate such a conclusion. Plaintiffs are unable to establish

any real ties to their forum of choice, other than their assumption that the chances of success are

greater here. Consequently, in this Court's discretion, the case should be transferred.


**CONCLUSION**

    It is, therefore, this 16th day of August, 2002,

    **ORDERED** that Federal Defendants' Motion to Transfer (Docket No. 8), and the State

of Wisconsin and Governor Scott McCallum Motion to Transfer (Docket No. 9), are

**GRANTED**, and that this action is hereby transferred to the United States District Court for the

Western District of Wisconsin.


                                        _____
                                        DEBORAH A. ROBINSON
                                        United States Magistrate Judge