Joanne M. Grace
T. Henry Wilson
Assistant Attorneys General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, Alaska 99501
(907) 269-5235

Attorneys for the State of Alaska

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| LINCOLN PERATROVICH, et. al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, et al., ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. A92-734-CV (HRH) <br><br> **STATE OF ALASKA'S REQUEST FOR ADDITIONAL TIME TO INTERVENE** |

The State of Alaska ("State"), through its counsel, requests that the Court extend the deadline of February 14, 1997 for the State to file its motion to intervene. The Court set this deadline by order of February 4, 1997, docket no. 93.

The State filed a motion to stay the Court's decision on the United States' motion for judgment on the pleadings in order to permit the State an opportunity to intervene in this case. Docket No. 87. The State represented that it intends to intervene, but needed more time to obtain the appropriate authority to proceed.

The court agreed to defer taking any action on the Government's motion until February 14, 1997. The State asks the Court to extend that deadline for the following reasons.

The State intends to intervene as a defendant in this case, to defend its title to the submerged lands in the Tongass National Forest and its authority to regulate fisheries in the area. The United States has indicated, however, that it will challenge the authority of the Attorney General to waive the State's Eleventh Amendment immunity. *See* Reply in Support of Defendants' Motion For Judgment on the Pleadings at 5, docket no. 96. In two cases, the United States District Court in Alaska has found that the authority to waive the State's Eleventh Amendment immunity resides in the Alaska Legislature, and that the Legislature has not delegated that authority to the Attorney General. *See Olson v. Dillingham*, No. A95-092-CV(JWS), Order from Chambers dated June 29, 1995, docket no. 20 (on motion to remand); *State of Alaska v. O/S Lynn Kendall*, 310 F.Supp 433 (D. Alaska 1970). While the Department of Law does not believe that the law is settled in this area, we have chosen to remove any ambiguity in this case rather than consume court time in litigating the issue.

The Legislature has before it a bill that expressly delegates authority to the Attorney General to waive the State's Eleventh Amendment immunity in cases such as this. The Legislature has expedited its passage. HB 120 was read on the House floor for the first time on February 7, 1997, and was referred to the Judiciary Committee. *See* Affidavit of Joanne Grace. The House Judiciary Committee passed the bill out of

committee on February 11, and the House passed it on February 13. Id. SB 79 was read the first time on February 10, and referred to the Senate Judiciary Committee. Id. HB 120 also was read across to the Senate on February 14, and referred to the Senate Judiciary Committee. Id. The Senate Judiciary Committee has scheduled the bills for consideration Monday, February 24, and one is expected to be passed from that committee and considered by the full Senate that week. Id.

The Legislature is cooperating fully with the State administration in passing as quickly as possible a bill to expressly delegate the State's waiver authority to the Attorney General. Id. It is impossible to definitively predict the schedule of the Senate and its committees, however, because it is always subject to change. Further, the Governor's schedule plays a role in the precise date this bill will become law. Therefore, although the State may only need another two weeks within which to file its motion to intervene, it requests four weeks and represents that it will file the motion as soon as possible after the bill becomes law.

DATED February 14, 1997.

BRUCE M. BOTELHO
ATTORNEY GENERAL

By: _____
Joanne Grace
Assistant Attorney General