**AKIACHAK NATIVE COMMUNITY V. DEPARTMENT OF THE INTERIOR**

**REVISED PRIVILEGE LOG AS OF APRIL 17, 2008**

| Doc No. | Date | Document | Privilege Note |
|---|---|---|---|
| 1 | 9/15/1995 | E-mail from John Leshy to Lauri Adams and cc to Robert Baum, Paul Smyth, Roger Hudson, Dennis Hopewell and Katherine Henry concerning how to proceed on making a determination on the Department of Interior's participation, if any, in the Venetie appeal. | Document is protected by the attorney-client privilege because it relates to a legal strategy, or to the meaning, requirements, allowances or prohibitions of the law. Moreover, the document is protected by the attorney work product privilege because it was prepared in reasonable and subjective anticipation of litigation by or for government attorneys, litigation consultants or enforcement staff, and it contains or reflects the mental impressions, opinions, conclusions or legal theories of an attorney or others acting on the attorneys behalf in anticipation of litigation. |
| 2 | 4/4/1996 | Note from Wayne Nordwall to Bob Anderson concerning import of proposed amendment to trust land acquisition regulations with regard to petition for cert from 8th Circuit's decision in South Dakota v. DOI. | Document is protected by the attorney-client privilege because it relates to a legal strategy, or to the meaning, requirements, allowances or prohibitions of the law. Moreover, the document is protected by the attorney work product privilege because it was prepared in reasonable and subjective anticipation of litigation by or for government attorneys, litigation consultants or enforcement staff, and it contains or reflects the mental impressions, opinions, conclusions or legal theories of an attorney or others acting on the attorneys behalf in anticipation of litigation. |
| 3 | 2/18/1997 | Confidential memorandum from Lauri Adams to John Leshy providing a preliminary analysis of the 9th Circuit's decision in Venitie and its possible impacts and implications for the work of the Department and future litigation. | Document is protected by the attorney-client privilege because it relates to a legal strategy, or to the meaning, requirements, allowances or prohibitions of the law. Moreover, the document is protected by the attorney work product privilege because it was prepared in reasonable and subjective anticipation of litigation by or for government attorneys, litigation consultants or enforcement staff, and it contains or reflects the mental impressions, opinions, conclusions or legal theories of an attorney or others acting on the attorneys behalf in anticipation of litigation. |
| 4 | 3/4/1997 | E-mail from Roger Hudson to Lauri Adams regarding Sandra Ashton's draft memo to Carol Russell regarding taking land into trust in general and whether the Venetie decision provides an occasion for reconsidering the policy against taking land in trust in Alaska. | Document is protected by the attorney-client privilege because it relates to a legal strategy, or to the meaning, requirements, allowances or prohibitions of the law. Moreover, the document is protected by the attorney work product privilege because it was prepared in reasonable and subjective anticipation of litigation by or for government attorneys, litigation consultants or enforcement staff, and it contains or reflects the mental impressions, opinions, conclusions or legal theories of an attorney or others acting on the attorneys behalf in anticipation of litigation. |

| | | | |
|---|---|---|---|
| 5 | 7/26/1997 thru 8/18/1997 | Working drafts of a proposed memorandum from the Solicitor to the Secretary regarding acquisition of land in trust for Alaska Natives and tribes. Draft was not finalized. Draft documents analyze Section 5 of the IRA, it's applicability to Alaska, and the impact of ANCSA on the Secretary's authority to acquire land in trust in Alaska. The draft documents conclude that such authority exists and should the Secretary wish to take action to exercise that authority, a rulemaking should be undertaken to remove the limitation found in 25 C.F.R part 151. | Document is protected by the attorney-client privilege because it relates to a legal strategy, or to the meaning, requirements, allowances or prohibitions of the law. Moreover, the document is protected by the attorney work product privilege because it was prepared in reasonable and subjective anticipation of litigation by or for government attorneys, litigation consultants or enforcement staff, and it contains or reflects the mental impressions, opinions, conclusions or legal theories of an attorney or others acting on the attorneys behalf in anticipation of litigation. |
| 6 | 12/21/2000 | E-mail from Roger Hudson to Laurie Adams concerning language for possible insertion in the preamble of the final revised Part 151 that acknowledges that 25 U.S.C. 465, as applied to Alaska, has not been repealed and giving notice that the 1978 Solicitor's opinion to the contrary has been withdrawn. | Document is protected by the attorney-client privilege because it relates to a legal strategy, or to the meaning, requirements, allowances or prohibitions of the law. Moreover, the document is protected by the attorney work product privilege because it was prepared in reasonable and subjective anticipation of litigation by or for government attorneys, litigation consultants or enforcement staff, and it contains or reflects the mental impressions, opinions, conclusions or legal theories of an attorney or others acting on the attorneys behalf in anticipation of litigation. |
| 7 | 12/27/2000 | E-mail from Lauri Adams to Roger Hudson responding to Hudson's e-mail of 01/27/2000 generated in response to Adams' e-mail of 12/26/2000 to John Leshy and cc to Hudson. E-mails concern language for possible insertion in the preamble of the final revised Part 151 that acknowledges that 25 U.S.C. 465, as applied to Alaska, has not been repealed and giving notice that the 1978 Solicitor's opinion to the contrary has been withdrawn. | Document is protected by the attorney-client privilege because it relates to a legal strategy, or to the meaning, requirements, allowances or prohibitions of the law. Moreover, the document is protected by the attorney work product privilege because it was prepared in reasonable and subjective anticipation of litigation by or for government attorneys, litigation consultants or enforcement staff, and it contains or reflects the mental impressions, opinions, conclusions or legal theories of an attorney or others acting on the attorneys behalf in anticipation of litigation. |
| 8 | 12/27/2000 | E-mail from Roger Hudson to Scott Keep and cc to Terri Virden, Lauri Adams, Glenda Miller and Niles Cesar advising them that the Alaska exception for taking lands in trust as set out in Part 151 is likely to continue in the revised Part 151. | Document is protected by the attorney-client privilege because it relates to a legal strategy, or to the meaning, requirements, allowances or prohibitions of the law. Moreover, the document is protected by the attorney work product privilege because it was prepared in reasonable and subjective anticipation of litigation by or for government attorneys, litigation consultants or enforcement staff, and it contains or reflects the mental impressions, opinions, conclusions or legal theories of an attorney or others acting on the attorneys behalf in anticipation of litigation. |
| 9 | 12/31/2000 | E-mail from Lauri Adams to John Leshy and cc to Roger Hudson forwarding and responding to e-mail from John Leshy to Lauri Adams and cc to Roger Hudson concerning withdrawal of the Solicitor's 1978 opinion. | Document is protected by the attorney-client privilege because it relates to a legal strategy, or to the meaning, requirements, allowances or prohibitions of the law. Moreover, the document is protected by the attorney work product privilege because it was prepared in reasonable and subjective anticipation of litigation by or for government attorneys, litigation consultants or enforcement staff, and it contains or reflects the mental impressions, opinions, conclusions or legal theories of an attorney or others acting on the attorneys behalf in anticipation of litigation. |