UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKIACHAK NATIVE COMMUNITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF THE INTERIOR, et al. <br><br> Defendants. | Civil Action No. 1:06-cv-0969 (RWR) <br><br><br> AFFIDAVIT OF JOE ALEXI |

STATE OF ALASKA      )
                     ) SS
FIRST JUDICIAL DISTRICT )

Joe Alexi, first duly sworn, deposes and says:

1. I am the President for the Tuluksak Native Community, one of the plaintiffs in this action.

2. The Tuluksak Native Community is comprised of some 300-400 tribal members who live in an isolated rural community approximately 35 miles northeast of Bethel in Western Alaska. The community is located on the south bank of the Tuluksak River where it meets the Kuskokwim River. Tuluksak can be reached only by air and water.

3. In 1983, the Society of the United Brethren for Propagating Gospel Among the Heathen, quit-claim deeded a tract of land that had once been known as the Moravian Mission Reserve to the City of Tuluksak. In 1997, lands owned by the City of Tuluksak were then transferred to the Tuluksak Native Community when the City dissolved. Part

of those lands have been used to build badly needed housing. The remaining parcel has special historic significance for our tribe. As such, the Tuluksak Native Community wishes to know whether there could be an option to place at least part of the land in trust.

4. We recognize that the 1997 agreement with the State of Alaska under which the lands were conveyed to us states that "this Agreement does not constitute recognition of 'Indian Country' with respect to real property conveyed under this Agreement and Attchment A, and the Tuluksak IRA Council agrees not to assert that this particular real property is 'Indian country'." We agree that the neither the Agreement nor the conveyance constituted recognition of 'Indian Country' and we have not asserted that it did, nor have we asserted that the lands themselves are "Indian country." We don't have a position on whether it would be necessary to negotiate an amendment to the agreement in order to request that the lands be taken into trust; another provision of the agreement notes that either party may seek amendments to the Agreement at any time, which amendments will need to be approved by the Alaska Department of Law. All we are saying now is that we would like to have the option of making a request of the Secretary. It would be our intent to discuss the matter with the State of Alaska as part of making any request. We understand that the State will be given an opportunity to comment on any such request before it is approved, and that the State may object, and if we are unable to negotiate an amendment to the Agreement it might play a role in the Secretary's determination on our petition. But we believe we deserve the right not to be prohibited from even filing the petition in the first place.

5. We were one of several agencies that submitted comments on the proposed regulations in 1999 urging the Department of the Interior to include Alaska in its trust land acquisition process. To the best of our knowledge, the Department of the Interior has not done so.

                                                 Joe Alexie
                                                 President for the Tuluksak Native Community

SUBSCRIBED and SWORN TO before me this 15 day of April, 2008.



                                      Dorothy Alila
                                      Notary Public for Alaska
                                      My Commission Expires N/A

Case 1:06-cv-01405-RWR   Document 31-6   Filed 04/21/2008   Page 4 of 5