UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AKIACHAK NATIVE COMMUNITY <u>et al.</u>, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | No. 1:06-cv-00969 (RWR) |
| DEPARTMENT OF THE INTERIOR, <u>et al.</u> | ) ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' MOTION TO STAY CONSIDERATION OF PLAINTIFFS' PENDING MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUESTED EXTENSION**

Plaintiffs filed a Motion for Summary Judgment [46] on April 21, 2008 requesting an Order which would declare invalid the provisions of 25 C.F.R. Part 151 that prohibit consideration of land-into-trust petitions in Alaska and enjoin the Secretary of the United States Department of the Interior ("Interior") from not considering such petitions. On April 17, 2008 Defendants filed a Motion for First Extension of Time [44] to file their dispositive motion and brief. Defendants' pending motion, which Plaintiffs oppose, seeks to extend the time to and including May 5, 2008 for Defendants to file their dispositive motion and brief.

This instant motion seeks to stay further briefing and the Court's consideration of the Plaintiffs Motion for Summary Judgment until jurisdictional issues are determined which will be the subject matter of Defendants' motion and brief to be on May 5, 2008. Defendants will be seeking the dismissal of all of the Plaintiffs' claims pursuant to Fed. R. Civ. P., Rules 12(b)(1) and 12(b)(6).

In support of the stay requested herein, Defendants submit that the Court, as a threshold

matter, must first determine whether it has jurisdiction to entertain the Plaintiffs' claims before proceeding to the merits of the Complaint. Citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998) the federal courts in the District of Columbia have time and again held that jurisdictional matters should be decided first. Satti v. U.S. Dep't of Defense, No. 06-826 (RWR), 2007 WL 1794102, *1 (D.D.C.) ("Before a court, may address the merits of a complaint, it must assure that it has jurisdiction to entertain the claims."); Prunte v. Universal Music Group, 484 F. Supp.2d 32, 38 (D.D.C. 2007) ("this court is able to address subject matter jurisdiction sua sponte. See Doe by Fein v. District of Columbia, 93 F.3d 861, 871 (D.C. Cir. 1996)"); and Shekoyan v. Sibley Int'l Corp., 217 F. Supp. 2d 59, 69 (D.D.C. 2002) ( ". . . this court, however, as a threshold matter must first determine whether it has jurisdiction to entertain the claim."). In Steel Co. the Supreme Court rejected the "doctrine of hypothetical jurisdiction" " . . . because it carries the courts beyond the bounds of authorized judicial action. . . ." Id. at 94. Quoting Ex parte McCardle 7 Wall. 506, 514 (1868), the Court stated that "[o]n every writ of error or appeal, the first and fundamental question is that of jurisdiction . . . ." Id.

In further support of the requested relief, Defendants submit that briefing on the merits should be stayed until such time the Court determines the State of Alaska's status in the litigation. The State's pending Motion to Intervene seeks to stay all proceedings in the case, including case management activities. By extension, this would include the briefing of jurisdictional issues as well. As stated in Defendants' Response to State of Alaska's Renewed Motion to Stay Proceedings [28], there is no question that the lands into trust issue does have important implications for the State and the issues at stake in this litigation could affect the State's governmental responsibilities. Briefing on all the issues before the Court by the State of

Alaska would bring into focus the particular local issues directly affecting Alaska.

Should the Court decline to grant the foregoing requested relief, in the alternative, Defendants move for an extension of time to respond to Plaintiff's Motion for Summary Judgment from May 5 to June 5, 2008, an extension of thirty (30) days.

On April 26, 2008 Plaintiffs filed their "Partial Opposition" [32] to Defendants' Motion for Extension of Time to May 5, 2008 and, contrary to the relief Defendants seek in this instant Motion, Plaintiffs suggest that Defendants file a response to Plaintiffs' Motion for Summary Judgment on May 5 and subsequently file a motion on jurisdictional issues. Defendants decline Plaintiffs' request because, pursuant to the cases cited above, the Court's jurisdiction over Plaintiffs' claims should be decided first.

Further, Plaintiffs' assertion that there is (was) no indication that Defendants' reasons for seeking their enlargement of time to file a motion and brief on jurisdictional issues "were in any way unforeseen or unforseeable at the time defendants stipulated that dispositive motions would be due 40 days after resolution of the discovery dispute", should also be rejected as simply wrong. The parties had no idea exactly when the discovery dispute would be settled. In fact, the time to resolve that dispute was subject to at least two extensions of time in and of itself.[1/] In hindsight, the discovery dispute was resolved on March 11, 2008 when Plaintiffs filed their Notice of Withdrawal of Motion to Compel [40].

As Defendants' Motion for First Extension of Time carefully detailed, that came at a time

---

[1/]     See Joint Motion to Stay Consideration of Plaintiffs' Pending Motion to Compel [36] filed on February 12, 2008 requesting a stay until February 26; Joint Status Report Regarding Discovery Issues and Joint Motion for Further Stay of Consideration of Plaintiffs' Pending Motion to Compel [37] filed on February 26; and Joint Status Report Regarding Discovery Issues and Second Joint Motion for Further Stay of Consideration of Plaintiffs' Pending Motion to Compel [26] filed on March 4.

when counsels' work on this case directly conflicted with numerous other obligations which required their time and attention.  Thus, the fact that the issues relevant to Plaintiffs' Motion to Compel and the Withdrawal of that Motion – events that were within the Plaintiffs' discretion and control, coincided with these other obligations were in fact unknowable by Defendant and the Court should reject any implication that Defendants' motion for the extension was not for "good cause" pursuant to Fed. R. Civ. P., Rule 6.[2/]

For good cause and the foregoing reasons, Defendants' pending Motion for First Extension of Time to File Dispositive Motion and Brief [44] and this instant Motion to Stay Consideration of Plaintiffs' Pending Motion for Summary Judgment should be granted.

Dated this 28th day of April, 2008.

>Respectfully submitted,
>
>*/s/ Daniel G. Steele*
>D.C. Bar No. 962894
>U.S. Department of Justice
>Environment and Natural Resources Division
>General Litigation Section
>P.O. Box 663
>Washington, D.C. 20044-0482
>Tel: (202) 305-0484
>Fax: (202) 305-0506
>Attorney for the Defendants

---

[2/]    Plaintiffs' reliance on Smith v. District of Columbia, 430 F.3d 450 (D.D.C. 2005), an employment discrimination case, is misplaced.  Unlike the facts in that case where the District of Columbia never moved for an extension of time within the 10 day time deadline designated by Fed. R. Civ. P., Rule 59(e) (a Rule addressing finality and the running of time for appeal), here only Rule 6 is relevant and, in any event Defendants' Opposed Motion for First Extension of time to File Dispositive Motion and Brief was filed on April 17, five days ahead of the then existing deadline of April 21.

Of Counsel:
David Moran
Attorney-Advisor
Division of Indian Affairs
Office of the Solicitor
U.S. Department of the Interior
1849 C Street, N.W.   MS 6513
Telephone: (202) 208-3358
Fax:         (202) 219-1791

## CERTIFICATE OF SERVICE

I, Daniel G. Steele, hereby certify on this 28th day of April, 2008 I have caused the foregoing Defendants' Motion to Stay Consideration of Plaintiffs' Pending Motion for Summary Judgment to be served by electronic filing on the following counsel:

 Richard A. Guest, Esquire
1712 N Street, N.W.
Washington, D.C.  20036-2976

Andrew Harrington, Esquire
Alaska Legal Services Corporation
1648 South Cushman, Suite 300
Fairbanks, AK 99701

Heather Kendall Miller, Esquire
Native American Rights Fund
420 L Street, Suite 505
Anchorage, Alaska  99501

 /s/Daniel G. Steele
Daniel G. Steele